# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SURGICAL INSTITUTE OF PAIN MANAGEMENT, INC.,<br><br>                   Plaintiff,<br><br>  v.<br><br>XAVIER BECERRA, Secretary of the U.S. Department of Health & Human Services,<br><br>                   Defendant. | Case No. 22-cv-01521-BAS-WVG<br><br>**ORDER:**<br><br>**(1) TENTATIVELY GRANTING MOTION TO WITHDRAW AS COUNSEL (ECF No. 11); AND**<br><br>**(2) WARNING PLAINTIFF THAT THIS ACTION MAY BE DISMISSED FOR FAILURE TO OBTAIN NEW COUNSEL** |

      Plaintiff Pacific Surgical Institute of Pain Management, Inc. is a California corporation seeking mandamus relief concerning a dispute under the Medicare Act. On May 11, 2023, Plaintiff's counsel filed a Motion to Withdraw. (ECF No. 11.) The Motion is unopposed, with a June 22, 2023, hearing date set for briefing purposes. (*Id.*)

      Pacific Surgical's principal is facing an indictment in *United States v. Smith et al.*, 22-cr-2842-CAB (S.D. Cal. filed Dec. 13, 2022). Counsel, who has represented Pacific Surgical and its principal for over a decade, submits that he "may be called

as a witness in the criminal proceedings." (Rifat Decl. ¶¶ 3–4, ECF No. 11-2.) Counsel also submits that a dispute has arisen "concerning a non-litigated matter which [counsel] considers serious enough of a disagreement to warrant his withdrawal." (*Id.* ¶ 4.) The Court finds there is good cause to support counsel's withdrawal.

That said, allowing counsel to withdraw would leave Pacific Surgical as an unrepresented corporation. Parties generally may plead and conduct their own cases personally. 28 U.S.C. § 1654. However, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney." Civ. L.R. 83.3(j). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.*; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder); *Greenspan v. Admin. Office of the U.S. Courts*, No. 14cv2396 JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiffs for failure to obtain legal representation). Meaning, Plaintiff will need to secure new counsel to continue with this case.

Accordingly, the Court **ORDERS** as follows:

(1) The Court finds good cause to allow Pacific Surgical's counsel to withdraw. The Court tentatively grants the Motion to Withdraw pending the instructions below.

(2) Counsel shall serve a copy of this Order on Pacific Surgical no later than June 12, 2023.

(3) <u>The Court warns Pacific Surgical that it cannot continue this action as an unrepresented corporation.  Pacific Surgical has been aware of counsel's intent to withdraw since early May.  If Pacific Surgical does not obtain new counsel and file a Notice of Substitution by **June 22, 2023**, the Court will enter a dismissal without prejudice.</u>

**IT IS SO ORDERED.**

**DATED: June 7, 2023**

Hon. Cynthia Bashant
United States District Judge