**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC SURGICAL INSTITUTE OF PAIN MANAGEMENT, INC., <br><br>　　　　　　　　　Plaintiff, <br><br>　v. <br><br>XAVIER BECERRA, <br><br>　　　　　　　　　Defendant. | Case No. 22-cv-01521-BAS-WVG <br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (ECF No. 8)** |

　　　　Plaintiff Pacific Surgical Institute of Pain Management, Inc. is a California corporation seeking mandamus relief concerning a dispute over reimbursement under Title XVIII of the Social Security Act, 79 Stat. 291, as amended, 42 U.S.C. § 1395 et seq., commonly known as the Medicare Act. Plaintiff is temporarily suspended from receiving Medicare reimbursement following "credible allegations of fraud." In Case No. 21-cv-1739-BAS-WVG, this Court dismissed Plaintiff's attempts to force Medicare reimbursement finding it lacked subject matter jurisdiction. Undaunted, Plaintiff now petitions for mandamus to compel the U.S. Department of

1  Health & Human Services ("HHS") to release funds an Administrative Law Judge
2  ("ALJ") separately determined were eligible for reimbursement. Because the Court
3  still lacks jurisdiction under the Medicare statute and Plaintiff does not meet the
4  requirements for mandamus, the Court grants Defendant's Rule 12(b)(1) motion and
5  dismisses this action without prejudice for lack of subject matter jurisdiction.

### I. BACKGROUND

Plaintiff is an ambulatory surgical center based in San Diego, California, that provides medical services to patients suffering from chronic pain. (ECF No. 1.) This dispute considers two decisions by the Centers for Medicare and Medicaid Services ("CMS"), an agency within HHS that administers the Medicare Act, regarding payments to Plaintiff.

First, CMS previously paid Plaintiff for a procedure known as "the percutaneous implantation of neurostimulator electrode array; peripheral nerve (excludes sacral nerve) (CPT Code 64555)" provided by Plaintiff to various Medicare beneficiaries from September 17, 2013 through March 8, 2016. (*Id.* ¶ 2.) In a post-payment review of a sample of Plaintiff's claims, a Zone Program Integrity Contractor ("ZPIC") found a 100% error rate and resultant overpayment in the amount of $1,595,785.36. (*Id.*)  Plaintiff then administratively appealed those findings, which were upheld by a Qualified Independent Contractor ("QIC"). (ECF No. 1.) Plaintiff subsequently appealed the redetermination to an ALJ where the appeal awaited a ruling for five years. (*Id.* ¶ 6.)

Second, around September 9, 2021, CMS temporarily suspended Medicare payments to Plaintiff based on "a credible allegation of fraud." (ECF No. 8.) Under the Medicare Act and associated regulations, CMS can suspend payments to a Medicare provider "in whole or in part," when CMS determines that a "credible allegation of fraud exists against a provider or supplier." 42 C.F.R. § 405.371(a)(2). This suspension is not appealable and "is not an initial determination" for purposes

of the Medicare Act's administrative process. *Id.* § 405.375(c). As a general rule, "a suspension of payment is limited to 180 days" but this time limit does not apply "if the suspension of payments is based upon credible allegations of fraud." *Id.* §§ 405.372(d)(1), (d)(3)(i).

On October 7, 2021, Plaintiff and other medical providers filed a complaint seeking a preliminary injunction against CMS regarding the payment suspension (ECF No. 8.) On December 1, 2021, this Court dismissed the action without prejudice for lack of subject matter jurisdiction. *San Diego Comprehensive Pain Mgmt Center, Inc. v. Becerra*, No. 21-CV-01739-BAS-WVG, 2021 WL 5741465 (S.D. Cal. Dec. 2, 2021). The Court lacked subject matter jurisdiction, in part, because Plaintiff had not received a final, appealable administrative decision with respect to the payment suspension. *Id.* at *3–6. At present, Plaintiff still has not received a final decision and the payment suspension has not been lifted. (ECF No. 8 at 5.)

Subsequently, on August 5, 2022, ALJ Scott A. Tews issued a decision regarding Plaintiff's administrative appeal of its first CMS decision relating to its CPT Code 64555 reimbursement. (ECF No. 1.) The ALJ decision was partially favorable to Plaintiff and identified some services performed by Plaintiff that were covered by Medicare. (*Id.*) The ALJ's decision, centrally, did not address nor resolve the September 2021 temporary suspension of Medicare payments to Plaintiff. (ECF No. 8 at 3.)

On October 6, 2022, Plaintiff filed a petition for mandamus under 28 U.S.C. § 1361 to require HHS to release the funds found to be reimbursable under the ALJ's order. (ECF No. 1.) Defendant filed a motion to dismiss for lack of subject matter jurisdiction on January 30, 2023. (ECF No. 8.) That motion is now before the Court.

## II.   LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a claim based on a lack of subject matter jurisdiction. Fed. R. Civ. P.

12(b)(1). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual challenge, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* at 1038. Here, the Court considers facts in Defendant's motion to dismiss in addition to Plaintiff's petition for mandamus.

### III. DISCUSSION

#### A. Whether Plaintiff's Claim Arises Under the Medicare Act

Plaintiff claims that the Court has jurisdiction over this matter as a petition for mandamus and that this matter is separate from CMS's suspension of its Medicare payments. (ECF No. 9.) Defendant contends this case is subject to dismissal because Plaintiff's underlying claim arises under the Medicare Act and therefore cannot be pursued until it has exhausted its administrative remedies. (ECF No. 8 at 4.)

"Claims 'arise under' the Medicare Act in two circumstances: '(1) where the standing and the substantive basis for the presentation of the claims is the Medicare Act; and (2) where the claims are inextricably intertwined with a claim for Medicare benefits.'" *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905,

917 (9th Cir. 2022) (quoting *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010)). "One category of claims that [the Ninth Circuit] and other courts have found to 'arise under' the Act are those cases that are '[c]leverly concealed claims for benefits.'" *Do Sung Uhm.*, 620 F.3d at 1141 (quoting *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1112 (9th Cir. 2003)). To that end, "the type of remedy sought is not strongly probative of whether a claim" arises under the Medicare Act. *Kaiser*, 347 F.3d at 1112. Hence, "a suit seeking extra–Medicare monetary damages may also be a suit arising under Medicare." *Id.*

Plaintiff attempts to stylize this petition for mandamus as seeking the enforcement of an administrative decision outside of and separate from the temporary suspension of Medicare payments by CMS. (ECF No. 9.) This argument is unavailing. First, Plaintiff has not received the funds ALJ Tews determined due because payments continue to be temporarily suspended by CMS under the Medicare Act. Second, if this Court were to issue mandamus compelling CMS to pay Plaintiff the amounts specified in the ALJ's decision, the Court would have to contravene the existing payment suspension. Contrary to Plaintiff's assertion, the payment suspension does not "[expire] as a matter of law on March 9, 2023." (*Id.* at 8.) While payment suspensions are limited to 180 days as a general rule, the time limits "do not apply if the suspension of payments is based upon credible allegations of fraud." 42 C.F.R. §§ 405.372(d)(1), 405.372(d)(3)(i).

Other court decisions have agreed, where plaintiffs claimed injunctive or monetary remedies while under a temporary Medicare payment suspension, their claims "arise under" the Medicare Act. These claims were "inextricably intertwined" with the Medicare statute regardless of the remedy claimed. *See Kaiser*, 347 F.3d at 1114 (quoting *Heckler v. Ringer*, 466 U.S. 602, 614 (1984)); *see also Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 592 (9th Cir. 1985). Accordingly, the Court examines whether it has subject matter jurisdiction to hear Plaintiff's petition under the Medicare Act.

### B. Statutory Jurisdiction for Claims Arising Under the Medicare Act

The Medicare Act "establishes a federally subsidized health insurance program to be administered by the Secretary." *Heckler*, 466 U.S. at 605. Section 405(h) "made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Silverado Hospice, Inc. v. Hardan*, No. SACV 17-01394-JLS (JDEx), 2018 WL 6185966, at *3 (C.D. Cal. Feb. 8, 2018).

Section 405(g) "permits an individual to file suit in federal court 'after any final decision of the Secretary made after a hearing.'" *Winter v. California Med. Rev., Inc.*, 900 F.2d 1322, 1325 (9th Cir. 1989). This "final decision" condition consists of two elements: a non-waivable requirement that "a claim for benefits shall have been presented to the Secretary," and a waivable requirement "that the administrative remedies prescribed by the Secretary be exhausted." *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)); *see also Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986).

To have the administrative exhaustion requirement judicially waived, Plaintiff must show that its claim is (1) "collateral to a substantive claim of entitlement (collaterality)"; (2) "colorable in its showing that denial of relief will cause irreparable harm (irreparability)"; and (3) "one whose resolution would not serve the purposes of exhaustion (futility)." *Kaiser*, 347 F.3d at 1115.

#### 1. Exhaustion

Plaintiff has not received a final administrative decision with respect to its temporary payment suspension. Providers cannot appeal a temporary payment suspension within the Medicare Act's administrative process because a payment suspension is not "an initial determination and is not appealable." 42 C.F.R. § 405.375(c). Although providers cannot appeal this suspension, a suspension "may culminate in an appealable determination … if [reimbursement] claims are

subsequently denied." 61 Fed. Reg. 63740, 63743 (Dec. 2, 1996). Alternatively, CMS may issue an overpayment demand if it concludes there was fraud, which would trigger the administrative appeals process under the Medicare Act. 42 C.F.R. §§ 405.904(a)(2), 405.375(c).

Plaintiff has not exhausted its claims challenging the suspension of its Medicare payments arising under the Medicare Act because a payment suspension is only an initial determination. *Id.* § 405.375(c). While tangentially related, the ALJ decision regarding Plaintiff's CPT code 64555 claims did not address the temporary suspension of all Medicare payments to Plaintiff.

### 2. Judicial Waiver of Exhaustion

Having decided that Plaintiff has not exhausted its administrative remedies, the Court next examines whether Plaintiff is eligible for a judicial waiver of that requirement.

#### i. Collaterality

Defendant argues Plaintiff's claim is a claim for benefits and therefore not collateral to the temporary suspension of payments. "A claim is collateral when it is 'not bound up with the merits so closely that the court's decision would constitute interference with agency process.'" *Hollywood Home Health Servs., Inc. v. Qlarant Quality Sols., Inc.*, No. CV 19-6817-DMG (ASX), 2020 WL 3964792, at *4 (C.D. Cal. Feb. 27, 2020) (quoting *Johnson v. Shalala*, 2 F.3d 918, 922 (9th Cir. 1993)).

Because the mandamus Plaintiff seeks is in effect an order for Defendants to stop withholding some Medicare payments, it "is essentially another way of stating that Plaintiff wants the Court to order Defendants to pay out Medicare benefits." *St. Ann Hospice, Inc. v. Sec'y of the U.S. Dep't of Health & Hum. Servs.*, No. CV 10-2669 PA (RCX), 2010 WL 11597946, at *2 (C.D. Cal. July 26, 2010). Therefore, the Court finds that Plaintiff has not met the collaterality requirement.

#### ii. Irreparability

Plaintiff argues delayed payments will cause harm in the form of financial

losses and possible insolvency.  (ECF No. 1.)  To satisfy the irreparability element, Plaintiff must show that it has a colorable claim of irreparable harm.  "A colorable claim of irreparable harm is one that is not 'wholly insubstantial, immaterial, or frivolous.'"  *Kildare v. Saenz*, 325 F.3d 1087, 1083 (9th Cir. 2003).

As an initial matter, the Medicare Act provides for payment of amounts owed plus interest if it is determined the suspension must be reversed.  42 C.F.R. § 405.372(e).  Ordinarily, where such monetary relief is available, the alleged injury is not deemed irreparable.  *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980); *see also Casa Colina Hosp. & Centers for Healthcare v. Wright*, 698 F. App'x 406, 407 (9th Cir. 2017) (finding that judicial waiver of exhaustion was not appropriate where the appellant "lack[ed] an irreparable injury because a future award of damages plus interest will make it whole").  When the temporary suspension is lifted, Plaintiff could be made whole by payment of the claims it is due.  42 C.F.R. § 405.372(e).

Plaintiff additionally argues non-payment will cause irreparable harm because it is "unable to provide service to its vulnerable patient population."  (ECF No. 1 ¶ 10.)  Plaintiff's statement that patients would be harmed is conclusory.  For instance, Plaintiff does not allege nor show that patients lack access to other alternative medical treatment or that other providers would not be available in its absence.  Therefore, the Court finds that Plaintiff has not established a colorable claim of irreparable harm.

### iii.   Futility

"Futility is established if exhausting administrative remedies 'would not serve the policies underlying exhaustion.'"  *Sensory Neurostimulation, Inc. v. Azar*, 977 F.3d 969, 981 (9th Cir. 2020) (quoting *Cassim v. Bowen*, 842 F.2d 791, 795 (9th Cir. 1987)).  The suspension at issue is temporary and claims can be considered once the agency issues a final decision.  As the Supreme Court held in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000), Section 405's requirement to

channel "virtually all legal attacks through the agency . . . assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case." *Id.* at 13.  Although "this assurance comes at a price, namely, occasional individual, delay-related hardship," Congress decided that this price is justified "[i]n the context of a massive, complex health and safety program such as Medicare, embodied in hundreds of pages of statutes and thousands of pages of often interrelated regulations, any of which may become the subject of a legal challenge in any of several different courts[.]" *Id.*

Here, the administrative review would develop a factual record which would assist the court in assessing the merits of the agency's reasoning, including whether the services were reasonable and appropriately documented.

The Court finds Plaintiff has not satisfied the futility requirement for obtaining a judicial waiver of exhaustion.  Because Plaintiff has not met the requirements for a judicial waiver of administrative exhaustion nor exhausted its administrative remedies, the Court concludes it lacks subject matter jurisdiction under the Medicare Act.

### C. Statutory Jurisdiction for Petitions for Mandamus

Although Plaintiff's petition arises under the Medicare Statute and having found Plaintiff lacks jurisdiction under that statute, the Court nevertheless examines whether it would have jurisdiction under 28 U.S.C. § 1361 for Plaintiff's petition for mandamus.

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy . . . [and] is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is

available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

### 1. Exhaustion Requirement as Prerequisite for Mandamus Jurisdiction

Petitions for mandamus do not evade the administrative exhaustion requirements of 42 U.S.C. § 405(g). For claims of "fact or decision of the Commissioner," under 42 U.S.C. § 405(h), "administrative remedies culminating in review under 42 U.S.C. § 405(g) are the exclusive avenue" for claimants to present their claims. *Hironymous v. Bowen*, 800 F.2d 888, 892 (9th Cir. 1986); *see also Acedo v. County of San Diego*, No. 20-55844, 2021 WL 5412401 (9th Cir. Nov. 19, 2021). Therefore, unless parties have exhausted their administrative remedies, "jurisdiction under the Mandamus Act is unavailable." *Hironymous*, 800 F.2d at 893; *see also Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

As discussed, Plaintiff has not exhausted its administrative remedies and does not have a final, appealable determination by HHS. And as discussed, the Court does not find Plaintiff can waive exhaustion of its administrative remedies. Accordingly, because administrative exhaustion is a prerequisite for petitions for mandamus, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1361.

### 2. Mandamus Jurisdiction Requirements

Even if administrative exhaustion was not a prerequisite, Plaintiff does not meet the other requirements for mandamus under 28 U.S.C. § 1361.

Plaintiff argues that the Secretary's duty to act is "free from doubt" because he "has an obligation to pay valid claims pursuant to final determinations by the Office of Medicare Hearings and Appeals." (ECF No. 1 ¶ 22.) Plaintiff has not yet received a final determination by the Office of Medicare Hearings and Appeals on whether overpayment or fraud occurred. In light of the payment suspension, the Secretary's obligation to pay for reimbursable services is not "free from doubt."

Plaintiff argues that its claim is "clear and certain" because it "has the right to

demand that the Secretary fulfill" his obligation to pay valid claims under the Medicare Act. (ECF No. 1 ¶ 22.) Plaintiff's claim is anything but "clear and certain": the Office of Medicare Hearings and Appeals has not concluded whether fraud or overpayment occurred and how much Plaintiff may have been overpaid. Plaintiff contends the indictment of the owner and an employee of Pacific Surgical cures extant doubt of whether it is due its claimed payments because "the indictment does not encompass the award in [Plaintiff's] favor." (ECF No. 9 at 3.) This is not true. Plaintiff is a separate entity and CMS has continued the temporary payment suspension based on a "credible allegation of fraud." (ECF No. 8 at 1.)

Plaintiff contends there is "no alternative remedy" available. The Court disagrees. Administrative review, as described by 42 U.S.C. § 405(g), could correct the errors alleged by Pacific Surgical. The time required to exhaust an administrative remedy does not "make it an inadequate remedy." *Moreno v. Bureau of Citizenship & Immigration Servs.*, 185 F. App'x 688, 689 (9th Cir. 2006) (citing *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)). Thus, another adequate remedy is available. Accordingly, the Court lacks jurisdiction under 28 U.S.C. § 1361.

### IV.   CONCLUSION

The Court lacks jurisdiction over Plaintiff's action because it does not meet the requirements for jurisdiction under the Medicare Statute nor for a petition for mandamus under 28 U.S.C. § 1361. The Court thus **GRANTS** Defendant's Rule 12(b)(1) motion to dismiss. (ECF No. 8.) The Court **DISMISSES** this action **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED: September 19, 2023

Hon. Cynthia Bashant
United States District Judge